IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Melvin Chamberlain, John Paxin, Albin Watson, Karen Pierce, John M. Lee, Shirley Gonzales, And Connie Palley,** individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**International Union of Operating Engineers General Pension Plan,** *et al.*<br><br>**Defendants.** | **Civil Case No. 1:13-cv-0051-KBJ** |

## FIRST AMENDED COMPLAINT

1. The International Union of Operating Engineers ("IUOE"), a union representing operating and stationary engineers, has established a retirement plan, the International Union of Operating Engineers General Pension Plan ("Pension Plan"), for the benefit of union employees, including employees of related organizations.

2. The IOUE Local 12 ("Local 12") represents engineers in both California and Nevada. Local 12 operates two joint apprenticeship trusts, the Southern California Operating Engineers Joint Journeyman & Apprenticeship Training Trust (the "California Training Trust") founded in 1964, and the Southern Nevada Operating Engineers Joint Journeyman & Apprenticeship Training Trust (the "Nevada Training Trust") established in 1965. Both joint apprenticeship trusts are related organizations under the Pension Plan.

3. The Board Of Trustees Of The General Pension Plan ("Trustees") have known since at least 1976 that all full-time employees of a related organization such as the California

Training Trust must be included in the Pension Plan or no employees of the related organization can participate in the Pension Plan. In other words, participation in the plan by employees of a related organization is "all-or-none."

4. The Board of Trustees has warned related organizations of the all-or-none requirement.

5. In 1965, Walter Christiansen became the first employee of the California Training Trust to contribute to the Pension Plan and has remained a participant in the Pension Plan. Plaintiffs were also full-time employees of the California Training Trust but were not permitted to participate in the Pension Plan.

6. Officers of Local 12 also allowed certain favored individuals to serve as "employees" of the Nevada Training Trust where all full-time employees did participate in the Pension Plan. This was improper and unlawful because the Nevada Training Trust was an alter ego of the California Training Trust, sharing administration, staffing, and equipment, as alleged below.  One example of this alter ego status is the employment and pension participation of Bert Tolbert, the current Administrator of both the California Training Trust and the Nevada Training Trust, who also held an office with Local 12, and participated in the Pension Plan through the Nevada Training Trust.

7. Plaintiffs therefore bring this class action lawsuit against the Pension Plan, under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132, to receive the plan benefits to which they are entitled and the corresponding right to past underpayments and future benefits, against Local 12 and the California Training Trust under ERISA § 510, 29 U.S.C. § 1140, for their interference with Plaintiffs' entitlement to benefits; and against  the trustees of the Pension Plan under ERISA § 502(a)(3), 29 U.S.C. § 1132, for equitable relief against the trustees of the Pension Plan.

## I.     JURISDICTION AND VENUE

8.     This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

9.     Venue is proper pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## II.     PARTIES

10.     Plaintiff Melvin Chamberlain is a former employee of the California Training Trust. He was employed by the California Training Trust from November, 1996 to March, 2011. Chamberlain exhausted his claim for benefits pursuant to the terms of the Pension Plan.

11.     Plaintiff Albin Watson is a former employee of the California Training Trust. He was employed by the California Training Trust from May, 1988 to December, 2008.

12.     Plaintiff Shirley Gonzales is a former employee of the California Training Trust. She was employed by the California Training Trust from October, 1975 to June, 2009.

13.     Plaintiff John Paxin is a former employee of the California Training Trust. He was employed by the California Training Trust from May, 2002 to April, 2011.

14.     Plaintiff John M. Lee is a former employee of the California Training Trust. He was employed by the California Training Trust from 1987 to 2000.

15.     Plaintiff Karen Pierce is a former employee of the California Training Trust. She was employed by the California Training Trust from June, 1978 to January, 2010.

16.     Plaintiff Connie Palley is a former employee of the California Training Trust. She was employed by the California Training Trust from January, 1997 to December, 2009.

17.     Defendant International Union of Operating Engineers General Pension Plan is an ERISA regulated pension plan administered in Washington, D.C.

18.     Defendants General Pension Fund trustees during the relevant period of time were:

Christopher Hanley, Rodger Kaminska, William T. Cagney, Kenneth Estabrooks, Robert T. Heenan, Brian E. Hickey, Mark Holliday, James T. Kunz, Louis G. Rasetta, Bruce Tavin, Lionel J. Gindorf, Larry B. Johnson, Art Viat, James O'Gary, Peter Babin III, Sam T. Hart, Alan B. Tarpley, Michael J. Hach, Allen Bowering, and Jan Pelroy.

19. Defendant International Operating Engineers Local 12 is a union local headquartered in Pasadena, California.

20. Defendant Southern California Operating Engineers Joint Journeyman & Apprenticeship Training Trust is an affiliate of Local 12 and a related organization based in Pasadena, California.

21. Does 1-30 are officers of Local 12 and the California Training Trust.

### III. CALIFORNIA TRAINING TRUST EMPLOYEES SHOULD BE PARTICIPANTS IN THE PENSION PLAN

22. As alleged in more detail below, employees of the California Training Trust must be participants in the Pension Plan for two reasons. First, allowing some but not all employees of the California Training Trust to participate violates the Plan's all-or-none rule. Second, the Nevada Training Trust is an alter-ego of the California Training Trust and therefore employees of the California Training Trust must be allowed to participate in the Pension Plan on the same terms as employees of the Nevada Training Trust.

**A. Allowing some but not all employees of the California Training Trust violates the Plan's all-or-none rule.**

23. A participant in the Pension Plan is any full-time employee of an IUOE Local or of a Related Organization that is a Participating Employer in the Plan.

24. The California Training Trust is a Related Organization.

25. Pursuant to the Pension Plan's all-or-none rule, all employees of the California Training Trust must be participants in the Pension Plan or none may participate.

4

26. The Pension Plan has allowed employees of the California Training Trust to participate in, and contribute to, the Pension Plan, including: Walter Christiansen, Robert Kirkpatrick, Frank Valente, Steven Harrison, John Sinkovic, Daniel Morgan, Clifford P. Lyman, William Floyd, William Wilhemus, Marlyn Marshall, Ramon Gutierrez, David Sumner, Walter Harris, and John McGuire.

**B.  The Nevada Training Trust is an alter-ego of the California Training Trust and therefore employees of the California Training Trust must be allowed to participate in the Pension Plan on the same terms as employees of the Nevada Training Trust.**

27. The jurisdiction of Local 12 includes the southern parts of California and Nevada.

28. Both the California Training Trust and Nevada Training Trust are operated by Local 12.

29. The California Training Trust conducts training and apprenticeship programs within the jurisdiction of Local 12, for the benefit of operating engineers.

30. The Nevada Training Trust conducts training and apprenticeship programs within the jurisdiction of Local 12, for the benefit of operating engineers.

31. The Nevada Training Trust is a Related Organization and a Participating Employer in the Pension Plan.

32. Employees of the Nevada Training Trust participate in the Pension Plan.

33. Pursuant to the Pension Plan's all-or-none rule, all employees of the Nevada Training Trust must be participants in the Pension Plan or none may participate.

34. The Nevada Training Trust is an alter-ego of the California Training Trust and therefore employees of the California Training Trust must be allowed to participate in the Pension Plan on the same basis as employees of the Nevada Training Trust.

35. Bert Tolbert is the Administrator of both training trusts and a member of the executive board of Local 12.

36. Officers of IOUE Local 12 determine who to hire and fire at both Trusts. The employment actions of Bert Tolbert, the Administrator of both training trusts, are directed by the Local 12 Business Manager, William Waggoner including directions as to who may be hired or fired at the Trusts. William Waggoner, at all times relevant, was also a trustee of the California Training Trust and the Nevada Training Trust.

37. In many instances, the training or curriculum materials used by the Southern Nevada Training Trust were prepared and produced by employees of the California Training Trust. At all times relevant, training materials authored by the employees of the California Training Trust were produced for dissemination to the Nevada Training Trust on duplicating or printing equipment owned and operated by the California Training Trust. At all times relevant, the employees producing or authoring the training materials or curriculum for the Nevada Training Trust were in the employ of the California Training Trust.

38. At all times relevant, various employees of the California Training Trust traveled to Nevada for purposes of interviewing prospective training trust apprentices. Moreover, at all times relevant, various employees of the California Training Trust also traveled to the state of Nevada for purposes of certification programs, such crane certification and hazardous materials ("hazmat"). Employees of the California Training Trust had the appropriate hazmat credentialing to teach hazmat training programs, and Nevada Training Trust employees did not have the appropriate credentialing to teach hazmat training.

39. In many instances, the training equipment, including machinery and vehicles, used by the Nevada Training Trust is supplied by the California Training Trust. In the case of equipment transfers from the California Training Trust to the Nevada Training Trust, if the equipment is being "loaned" it remained on the California Training Trust inventory and insurance policies. If the equipment was being transferred from the California Training Trust to the Nevada Training Trust,

the equipment would be deleted from the California Training Trust asset inventory by employees of the California Training Trust. At this point, and without compensation from the Nevada Training Trust to the California Training Trust, the equipment ceased to be a California Training Trust asset, and was no longer covered under insurance policies for the California Training Trust. On information and belief, there is not an accounting mechanism in place for the California Training Trust to bill the Nevada Training Trust for the costs associated with the transfer of equipment or the purchase of equipment from the California Training Trust.

40.	Since approximately 1980, the Payroll for both training trusts are approved and administered by employees of the California Training Trust.

41.	In recent years, a full double-wide mobile home has been located at the Nevada Training Trust. This mobile home was paid for by the California Training Trust. This mobile home consists of a large living room, two bedrooms with adjoining bathrooms and a full sized kitchen. The mobile home was renovated under the direction of Bert Tolbert, including a cathedral ceiling in the living room. The purpose of this travel trailer at the Nevada Training Trust is to serve as a temporary accommodation to Administrator of both Trusts Bert Tolbert, his wife Yvonne D. Tolbert, and occasionally his executive secretary or administrative assistant, Valarie Ascencio. Valarie Ascencio is also an employee of the California Training Trust.

42.	A significant portion of the training conducted nominally by the Southern Nevada Training Trust is actually performed by employees of the Southern California Training Trust. At all relevant times, these instructors, teachers, and coordinators are employees of the California Training Trust. Plaintiffs are not aware of any accounting mechanism in place within the California Training Trust to bill the Nevada Training Trust for the costs associated with these instructors, teachers or coordinators conducting training of Nevada Training Trust employees, apprentices, and Local 12 members who attend the training or education programs at the Nevada Training Trust.

43. Since approximately 1980, operating costs and expenses incurred by the Nevada Training Trust are paid by employees of the California Training Trust, located in the state of California. The bills and other documents requiring the attention of the Administrator Bert Tolbert, are transferred to California and approved for payment or other action at the California Training Trust. Administrator Tolbert, once he has approved the Nevada Training Trust bills for further action, directs the staff of the California Training Trust with regard to the disposition of the bills or other documents.

44. Since approximately 1980, various administrative office functions of the Nevada Training Trust are often performed by administrative staff at the California Training Trust. Moreover, Valarie Ascencio, always an employee of the California Training Trust, traveled to Nevada, for purposes of covering the vacation periods of employees of the Nevada Training Trust. Ascencio and others from the California Training Trust also traveled to the Nevada Training Trust for the purpose of training new employees of the Nevada Training Trust. Plaintiffs are not aware of any accounting mechanism in place at the California Training Trust to bill for the reimbursement of expenses, including salary, benefits and other compensation paid to Ascencio and others, who, at all times, remained in the employ of the California Training Trust.

45. Equipment and machinery owned by the California Training Trust is often stored at locations controlled by the Nevada Training Trust. The transfer of equipment and machinery from the California Training Trust is accomplished using employees of the California Training Trust. These employees obtain all necessary Cal DOT transport documents in the state of California. Employees of the California Training Trust are used to load the equipment and machinery onto transport trucks. Teamster drivers in the employ of the California Training Trust, and another employee of the California Training Trust who operates an "escort" vehicle, completes the physical transfer of the equipment and machinery into the state of Nevada, and into the physical possession

8

of the Nevada Training Trust. All costs associated with the transfer of equipment for either loan or permanent transfer of equipment or machinery are absorbed by the California Training Trust.

46. The California Training Trust and the Nevada Training Trust share common Fund Administrators, currently Operating Engineers Fund, Inc, and previously Leo Majich and Michael Graydon. Additionally, on information and belief, the California Training Trust and the Nevada Training Trust have shared the same legal firm or attorneys, including at various times Wayne Jett, Esq, Laquer, Urban, Clifford & Hodge, LLP, and Carroll & Scully, Inc.

47. The Training Trusts share a common purpose, namely to train members of IOUE Local 12.

## Class Allegations

48. Plaintiffs bring this action on their own behalf and on behalf of all other similarly situated individuals, pursuant to Fed. R. Civ. P 23(b)(1), and (b)(3).

49. The class is defined as: full-time employees of the California Training Trust who were not participants in the Pension Plan.

   a. The requirements of Rule 23(a) are satisfied for the Class because (1) there are approximately 53 current or recent employees; (2) there are common questions regarding a full-time employee's right to participate in the Pension Plan; (3) the claims of the named plaintiffs are representative of the class; and (4) plaintiffs' counsel will fairly and adequately protect the interests of the class.

   b. The requirements of Rule 23(b)(1)(B) are met because separate actions run the risk of inconsistent adjudications that would establish incompatible standards of conduct for the Pension Plan.

   c. The requirements of Rule 23(b)(3) are met because the common question of whether a full-time employee is entitled to participate in the Pension Plan

predominates over any individual questions and a class action is superior to repeated individual actions litigating the same issues for the purpose of fairly and efficiently adjudicating this controversy.

## IV.     CLAIMS FOR RELIEF

### COUNT 1

### ERISA § 502(a)(1)(B) – to Recover Benefits and Enforce Rights to Future Benefits

50.     Named Plaintiffs, on behalf of the Class, incorporate the preceding paragraphs by reference.

51.     Section 502(a)(1)(B) allows a participant in a plan to bring a civil action to enforce rights under the term of the plan.

52.     Class members were employees of a Related Organization, the California Training Trust.

53.     Class members were entitled to participate in the Pension Plan because the Pension Plan requires that all-or-none of the employees of a Related Employer participated in the Pension Plan.

54.     As set forth above, only certain employees of the California Training Trust participated in the Pension Plan.

55.     As set forth above, employees of the California Training Trust must be allowed to participate in the Pension Plan on the same basis as employees of the Nevada Training Trust because the Nevada Training Trust is an alter ego of the California Training Trust.

### COUNT 2

### ERISA § 502(a)(3) – Violation of ERISA

56.     Named Plaintiffs, on behalf of the Class, incorporate the preceding paragraphs by reference.

57. Count 2 is brought against Local 12 and the California Training Trust for violating ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), by preventing Plaintiffs and all others similarly situated from obtaining benefits from the Pension Plan by creating a sham, alter-ego related organization in the form of the Nevada Training Trust which is used as a means to allow some but not all full time employees of the California Training Trust to participate in the Pension Plan, in violation of the terms of the Pension Plan.

58. Plaintiffs were thereby denied knowledge of, and the right to participate in, the Pension Fund by the conduct of the officers of IUOE Local 12 and the trustees of the IUOE Local 12 Apprenticeship Funds.

59. The Pension Plan provides that Related Organizations such as the Training Trusts here must participate in the Plan "in accordance with ERISA and the provisions of this Plan." Pension Plan (Restated Effective April 1, 2006), § 1.22; *see also* Pension Plan (Effective January 1, 1986) §2.04 ("A related organization must participate on the basis that meets the requirements of ERISA and the Internal Revenue Code.").

60. When a pension plan states that it is intended to meet the requirements of ERISA, it must comply with ERISA's minimum participation and coverage requirements, including ERISA § 202, 29 U.S.C. § 1052 and I.R.C. § 410, 26 U.S.C. § 410. *Crouch v. Mo-Kan Iron Workers Welfare Fund*, 740 F.2d 805, 808-09 (10th Cir. 1984).

61. ERISA § 202(a) permits only narrow age (at least 21 years of age) and service (one year of service) requirements, which Plaintiffs satisfy as all were 21 when the worked for the California Training Trust and were employed for many years after reaching age 21.

62. ERISA § 202(b) requires that at least 70% of the employees who are not highly compensated benefit from the plan. The California Training Trust employed approximately 50 or more individuals during the relevant period, whereas the Nevada Training Trust employed fewer

11

than 10. Because the two Training Trusts are alter egos, they are the same employer and the Pension Plan fails the coverage test because well over 70% of its employees do not participate in the Plan.

63.     ERISA § 502(a)(3) authorizes suits "(A) to enjoin any act or practice which violates any provision of [Title I] or the terms of the plan, or (B) to obtain appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [Title I] or the terms of the Plan." 29 U.S.C. § 1132(a)(3).

64.     ERISA § 502(a)(3) "admits of no limit … on the possible universe of defendants." *Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000). The "focus" is "on redressing the '*act or practice*' which violates" ERISA. *Id.*

65.     A defendant may be sued under section 502(a)(3) even if it is not "expressly subject to a duty under one of ERISA's substantive provisions." *Id.*

66.     Local 12 and the California Training Trust violated the Pension Plan's all-or-none rule and ERISA § 202 (part of Title I of ERISA) by operating and maintaining an alter ego in the Nevada Training Trust and causing employees of the Nevada Training Trust to participate in the Pension Plan while excluding employees of the California Training Trust.

## COUNT 3

### ERISA § 502(a)(3) – Breach of Fiduciary Duty

67.     Named Plaintiffs, on behalf of the Class, incorporate the preceding paragraphs by reference.

68.     Count 3 is brought against the Trustees of the Pension Plan for failing to take steps to enforce the terms of the Pension Plan to allow employees of the California Training Trust to participate in the Pension Plan under the all-or-none rule where the Trustees knew or should have known that officers of Local 12 had systematically used the Nevada Training Trust to avoid California Training Trust employee benefit obligations and knew that some, but not all, of the

12

employees of the California Training Trust were participating in the Pension Plan in violation of the all-or-none rule.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of all others similarly situated respectfully request the following relief:

(a) The Court enjoin the Pension Plan from continuing to deny class members the right to participate in the Pension Plan;

(b) A declaration that the class members be paid the Pension Plan benefits that would be past due, had they been permitted to participate in the Pension Plan, as was their right;

(c) A declaration that the members of the class are entitled to benefits going forward in the amount that would be owed had they been allowed to participate in the Pension Plan, as was their right;

(d) Reasonable attorney's fees and the costs of this litigation; and

(e) Such other relief as this court deems equitable and just.

## VI. JURY DEMAND

Plaintiff hereby demands a jury on all issues so triable.

Dated: August 28, 2013

/S/Gregory Y. Porter
Gregory Porter (D.C. Bar No. 458603)
BAILEY & GLASSER, LLP
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: 202-463-2101
Fax: 202-463-2103
gporter@baileyglasser.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I certify that on this 28th day of August, 2013, I served the foregoing via CM/ECF on all counsel of record set forth below:

Marc H. Rifkind
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
Phone: (202) 797-8700
Fax: (202) 234-8231 (fax)
mrifkind@slevinhart.com

*Counsel for Defendants International Union of Operating Engineers Local 12 and Southern California Operating Engineers Joint Journeyman & Apprenticeship Training Trust*

R. Richard Hopp
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, NW
Washington, DC 20016
Phone: (202) 362-0041
Fax: (202) 237-1200
rhopp@odonoghuelaw.com

*Counsel for Defendant International Union of Operating Engineers General Pension Plan, Roger Kaminska, William T. Cagney, Robert T. Heenan, Brian E. Hickey, Larry B. Johnson, Peter Babin III, and Jan Pelroy.*

                                                                         /S/Gregory Y. Porter
                                                                         Gregory Porter